UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TYANA HOSKINS

No. 24 CR 454-2

Judge Mary M. Rowland

## AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.      All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the **Materials**") are subject to this protective order and may be used by defendant Tyana Hoskins and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      **Limits on Disclosure:** Defendant's counsel shall not disclose the **Materials** or their contents directly or indirectly to any person or entity other than (a) defendant, (b) persons employed to assist in the defense, including expert witnesses, (c) persons who are interviewed as potential witnesses and counsel for potential witnesses, and (d) other persons to whom the Court may authorize disclosure (hereinafter, individuals other than defendant referred to, collectively, as "authorized persons"). Defendant's counsel shall not copy or reproduce the **Materials** except in order to provide copies of the materials for use in connection with this case,

1

within the limits of this Protective Order. Such copies and reproductions shall be treated in the same manner as the original **Materials**. With the exception of expert witnesses retained by defendant, potential witnesses and their counsel may be shown copies of the **Materials** as necessary to prepare the defense, but may not retain copies without prior permission of the Court. Defendant's counsel may provide copies of the Materials to expert witnesses retained to assist in the defense of this case.

3. **Defense Counsel's Responsibility to Advise Persons of this Order:** Before the Materials or their contents are provided directly or indirectly to defendant or an authorized person, defense counsel must advise the defendant or authorized person of this Order and provide that person with a copy of this Order.

4. **Records Regarding Individuals To Whom the Materials – or the Contents of the Materials – Are Disclosed:** Defense counsel shall maintain a record of (1) any person to whom the materials – or their contents – were disclosed. Defense counsel shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order, provided a copy of this protective order, and have signed at the bottom of the copy of the protective order to document that the individuals have been advised of the protective order. Defense counsel will not disclose such records to the government, unless the Court so orders, but will disclose such records to the Court upon request.

5. **Defendant May Not Disclose the Materials**. Defendant is not authorized to disclose the Materials or their contents to any person without applying to this Court for an order authorizing him/her to make such disclosures. This

2

paragraph does not apply to defense counsel, who may disclose the materials as otherwise discussed in this order.

6. **Restrictions on Use of AI to Process Materials**. No person or entity authorized to have access to Materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any Materials received pursuant to this order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. When providing written notice for the otherwise prohibited use of an AI tool, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Materials for model training, nor (ii) expose any Materials to third parties not authorized under this order to receive such materials. In addition, defense counsel must certify that: (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Materials, and (ii) defense counsel will ensure the deletion of all Materials from the tool at the conclusion of this case. Defense counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit Materials to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks

3

to the security and integrity of Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

7.      **Limits on Filing Materials:** Absent prior permission from the Court, copies, in whole or in part, of information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant.)

8.      **Limits on Publicly Identifying Certain Third Parties Identified in the Materials:** The **Materials** will identify victims, witnesses, and individuals who provided information to law enforcement. The names (full, partial, or initials) of such individuals, other than law enforcement officers, shall not be included in any public filing with the Court, and instead shall be submitted under seal.

9.      **Copies to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

10.      **Notes to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4

11. **Disposal of the Materials:** Upon conclusion of all stages of this case, all of the **Materials** and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The **Materials** may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. Neither defendant nor any expert witnesses retained by defendant may retain copies of the **Materials**. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

12. **Mistaken Production:** To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

13. **Exceptions:** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

14.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.


E N T E R:

Dated: May 28, 2026

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge